[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Iffland Lumber Company has moved to strike Count Two of the plaintiff's Complaint. The plaintiff has alleged certain facts, which the plaintiff claims constitute acts are arbitrary, unreasonable and in bad faith.
The defendant claims the plaintiff must allege additional facts which taken together constitute the bad faith or the willful. arbitrary, and capricious acts of the defendant and put defendant on notice as to what the defendant needs to defend against.
The plaintiff maintains that in this case it is the non payment of commissions and bonuses plaintiff under an agreement with the defendant which are the factual issues. The plaintiff claims the non payment to be willful arbitrary, capricious and in bad faith. A finding to that effect would permit the Court to award double damages and attorney's fees if the trier of fact finds these non payments were in fact capricious, arbitrary and in bad faith.
A Motion To Strike is properly granted if the complaint alleges more conclusions of law unsupported by the facts allegedNovametrix Medical Systems. Inc. v. BOC Group. Inc.,224 Conn. 210, 215.
The plaintiff here has alleged facts which if found by the trier to be true and arbitrary and capricious could constitute the basis for a finding, of bad faith. See Crowther v.Gerber Garment Technology, Inc., 8 Conn. App. 254, 265 (1996).
The Motion To Strike is denied.
HON. ANDRE M. KOCAY, J. CT Page 8971